# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: March 28, 2025

```
* * * * * * * * * * * * *    *
S.D., a minor, by and through her parent   *
and natural guardian,                      *
SAMANTHA ADAMS,                            *
                                           *
            Petitioner,                    *    No. 19-459V
                                           *
v.                                         *    Special Master Dorsey
                                           *
SECRETARY OF HEALTH                        *    Damages Award; Proffer; Table Injury;
AND HUMAN SERVICES,                        *    Measles-Mumps-Rubella ("MMR")
                                           *    Vaccine; Encephalitis.
            Respondent.                    *
                                           *
* * * * * * * * * * * * *    *
```

Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On March 28, 2019, Samantha Adams ("Petitioner"), parent and natural guardian of S.D.,
a minor, filed a petition under the National Vaccine Injury Compensation Program ("Vaccine
Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging S.D. suffered a Table
encephalitis injury as a result of a measles-mumps-rubella ("MMR") vaccination administered
on April 27, 2016. Petition at Preamble (ECF No. 1). On July 30, 2024, the undersigned issued

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the
undersigned is required to post it on the United States Court of Federal Claims' website and/or at
https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-
Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of
Electronic Government Services). **This means the Decision will be available to anyone with
access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify
and move to redact medical or other information, the disclosure of which would constitute an
unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified
material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National
Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,
42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Ruling to
individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated July 30, 2024 (ECF No. 99).

On March 28, 2025, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 1-2.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

(1) **A lump sum payment of $18,844.77, representing compensation for satisfaction of the United Healthcare Community Plan Medicaid lien, in the form of a check jointly payable to Petitioner and to:**

**Optum**
**P.O. Box 182643**
**Columbus, OH 43218**
**Optum Event Number: 116369103**
**Legacy Case Number: 102730504**
**Attn: Melissa Calderon**

**Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.**

(2) **An amount sufficient to purchase the annuity contract described in the Proffer at section II.B, which will provide a certain lump sum payment to S.D. as set forth in the Proffer.**

Proffer at 2, 4. This amount represents all elements of compensation to which petitioner and S.D. are entitled under § 15(a).  Id. at 4.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| S.D., a minor, by and through her parent natural guardian, SAMANTHA ADAMS, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 19-459V <br> Special Master Dorsey <br> ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

I.    **Procedural History**

On March 28, 2019, Samantha Adams ("Petitioner"), parent and natural guardian of S.D., a minor, filed a petition on behalf of S.D. for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that S.D. suffered a Table encephalitis injury as a result of a measles-mumps-rubella ("MMR") vaccination administered on April 27, 2016. Petition at Preamble (ECF No. 1). On July 30, 2024, Special Master Dorsey issued a Ruling on Entitlement in favor of petitioner. ECF No. 99. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

II.    **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend that

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's July 30, 2024 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.

compensation be made through a lump sum and a future annuity payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

      A.    <u>Medicaid Lien</u>

Respondent proffers that S.D. should be awarded funds to satisfy a United Healthcare Community Plan Medicaid lien in the amount of $18,844.77, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the United Healthcare Community Plan may have against any individual as a result of any Medicaid payments the United Healthcare Community Plan has made to or on behalf of S.D. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about April 27, 2016, under Title XIX of the Social Security Act. Reimbursement of the United Healthcare Community Plan Medicaid lien shall be made through a lump sum payment of $18,844.77, representing compensation for satisfaction of the United Healthcare Community Plan Medicaid lien, in the form of a check payable jointly to petitioner and:

Optum
P.O. Box 182643
Columbus, OH 43218
Optum Event Number: 116369103
Legacy Case Number: 102730504
Attn: Melissa Calderon

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.

---

[2] Should S.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

B.    Pain and Suffering

For past pain and suffering, an amount sufficient to purchase an annuity contract,[3, 4] paid

to the life insurance company[5] from which the annuity will be purchased,[6] subject to the

conditions described below, which will provide a certain lump sum payment to S.D. as set forth

below:

   a.   A certain Lump Sum of $338,709.26 payable on April 8, 2045.

---

[3] The purchase price of the annuity is within the statutory cap of 42 U.S.C. § 300aa-15(a)(4).

[4] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payment cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payment called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payment, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payment, or any part thereof, by assignment or otherwise.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Should S.D. predecease the payment of the certain lump sum payment set forth above, said payment shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.D.'s death.

These amounts represent all elements of compensation to which S.D is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[7]

III.    **Summary of Recommended Payments Following Judgment**

A.    Medicaid Lien:                                      **$18,844.77**

B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[7] At the time payment is received, S.D. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardian/conservator of S.D.'s estate as may be required under the laws of the State of Maryland.

4

_s/Lauren Kells_
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4187
Email: lauren.kells@usdoj.gov

DATED:   March 28, 2025